UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ADRON LITTLMANE FLOYD
#286445,

                 Petitioner,

                                            Case No.  2:10-CV-123

v.

                                            HON. ROBERT HOLMES BELL

ROBERT NAPEL,

                 Respondent.

_____/

**ORDER APPROVING AND ADOPTING**
**REPORT AND RECOMMENDATION**

On June 21, 2012, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Petitioner Adron Littlmane Floyd's petition for writ of habeas corpus (Dkt. No. 1) be dismissed.  (Dkt. No. 39.)  This matter is before the Court on Petitioner's objections to the R&R.  (Dkt. No. 47.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.  *Id.*

First, Petitioner objects to the Magistrate Judge's finding that his Fourth Amendment claims should be dismissed. The Magistrate Judge recommended dismissing this claim because the state court had a procedural mechanism for raising the Fourth Amendment claim at issue and Petitioner was able to present his claim there. *See Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982); *Stone v. Powell*, 428 U.S. 465 (1976). Indeed, the Magistrate Judge found that Petitioner had raised this Fourth Amendment claim multiple times in state court.

Petitioner contends that he was never given the opportunity to present his claim in state court because the state courts ruled that he lacked standing. However, this argument is circular. By ruling that Petitioner lacked standing, the state courts by definition allowed Petitioner to present his claims. The fact that the claims were rejected on standing grounds does not mean that a mechanism for raising such claims did not exist or that Petitioner was unable to present such claims. Nor does Petitioner's citation to *Rakas v. Illinois*, 439 U.S. 128 (1978) help him. *Rakas* was clear that "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." *Id.* at 133-34. Moreover, *Rakas* rejected a "target" theory of liability. *Id.* Thus, under *Rakas*, Petitioner does not have standing to contest contraband found in the trunk of a car in which he was merely a passenger.

Moreover, the Magistrate Judge noted that by pleading guilty Petitioner waived his right to raise a claim in his habeas petition alleging a denial of his constitutional rights prior to the plea. Even if Petitioner preserved his right to *appeal* the denial of his motion to suppress (Dkt. No. 47, at 8), that does not preserve his right to raise that claim in a habeas petition. Thus, the Court agrees with the Magistrate Judge's findings.

Second, Petitioner objects to the Magistrate Judge's finding that his lack of counsel prior to the entering of his guilty plea did not violate the Sixth Amendment.  The Magistrate Judge, relying on a hearing transcript, found that Petitioner knowingly and intelligently waived his right to counsel.  Petitioner argues that the Magistrate Judge should have looked at the requirements espoused by *Iowa v. Tovar*, 541 U.S. 77, 80 (2004).  *Tovar* held that the Sixth Amendment right to counsel is satisfied in regard to a plea under the following circumstances:

> The constitutional requirement is satisfied when the trial court informs the accused of the nature of the charges against him, of his right to be counseled regarding his plea, and of the range of allowable punishments attendant upon the entry of a guilty plea.

*Id.*  Thus, Petitioner disputes the Magistrate Judge's conclusion that "the court was under no duty to make an inquiry into the continuing validity of Petitioner's waiver of counsel" at the plea hearing.  (Dkt. No. 39, at 11.)

However, *Tovar* did not regard a situation where a defendant had knowingly and intelligently waived his right to a counsel at a *previous stage* in the proceedings.  *Tovar* regarded the validity of a guilty plea when there had been no prior proceedings.  In such a case, a court would have to explain that the defendant had a right to counsel.  However, in this case, the court had already explained to Petitioner at an earlier proceeding that he had a right to counsel and engaged in an extensive colloquy to ensure that he was knowingly and intelligently waiving that right.  The court did not have to repeat this colloquy when Petitioner chose to plead guilty.  The Sixth Circuit has held that a defendant's waiver of

3

counsel at trial carries over to subsequent proceedings absent a substantial change in circumstances. *United States v. McBride*, 362 F.3d 360, 367 (6th Cir. 2004). There was no substantial change in circumstances here, and, contrary to Petitioner's arguments, the Sixth Circuit's decision in *McBride* came after *Tovar*.

Third, Petitioner objects to the Magistrate Judge's finding that *Blakely v. Washington*, 542 U.S. 296 (2004), was not violated by his sentence. He argues that there was no dispute that he was entitled to "intermediate sanctions." But even if the "intermediate sanctions" provision of Michigan's sentencing system was implicated, the Magistrate Judge correctly found that *Blakely* only affected those states which had a determinate sentencing system. Michigan has an indeterminate sentencing system. Thus, as the Sixth Circuit has made clear, *Blakely* does not apply to Michigan because the judicial fact-finding allowed in Michigan only affects the *minimum sentence*; the maximum sentence is set by law. *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009).

Petitioner argues that the Sixth Circuit has never held that *Blakely* does not apply to those parts of Michigan's sentencing system that are determinate, namely the "intermediate sanctions" provision. He cites to *Montes v. Trombley*, 599 F.3d 490, 497-98 (6th Cir. 2010), which explicitly did not reach that question. However, Michigan's Supreme Court has explained as follows:

> Michigan's unique law requiring the imposition of an intermediate sanction upon fulfillment of the conditions of [§ 769.34(4)(a)] does not alter the maximum sentence that is required upon conviction and authorized by either the jury verdict or the guilty plea. The conditional limit on incarceration

contained in [769.34(4)(a)] is a matter of legislative leniency, giving a defendant the opportunity to be incarcerated for a period that is less than that authorized by the jury verdict or the guilty plea, a circumstance that does not implicate *Blakely*.

*People v. Harper*, 739 N.W.2d 523 (Mich. 2007).  Thus, even when the "intermediate sanctions" provision is implicated, "when a defendant is convicted, he is subject to the maximum term of imprisonment authorized by the statute of conviction without any additional fact-finding."  *Henry v. Dave*, No. 4:07–CV–15424, 2010 WL 4339501, at *12 (E.D. Mich. Oct. 25, 2010).  As a result, *Blakely* is not implicated by the intermediate sanctions law:

> [The defendant] argues, as did the defendants in *Harper*, that "because the statute states that the sentencing court 'shall' impose an intermediate sanction, [he was] constitutionally entitled under *Blakely* to either a jail term of 12 months or less or one or more of the other intermediate sanction options available to the sentencing court." *Harper*, 479 Mich. at 618–19, 739 N.W.2d 523. The argument fails because the existence of the intermediate sanction cell provision does not alter the fact that the statutory maximum for Henry's crime was fifteen years, the sentence he received. *Thus, the analysis under* Blakely *is no different with respect to intermediate sanction cell sentences than it is with respect to the Michigan sentencing guidelines as a whole, and* Blakely *is not implicated*.

*Id.* at *13.  *See also Grossnickle v. Burt*, No. 2:08–CV–11820, 2010 WL 2555239, at *9 (E.D. Mich. June 2, 2010); *Parkinson v. Prelesnik*, No. 1:06–CV–342, 2009 WL 1383296, at *6-7 (W.D. Mich. May 14, 2009) (Maloney, J.).  Consequently, the Magistrate Judge was correct to find that Petitioner's *Blakely* claim was without merit.  Accordingly,

**IT IS HEREBY ORDERED** that the June 21, 2012, R&R (Dkt. No. 39) is **APPROVED** and **ADOPTED** as the opinion of the Court.

5

**IT IS FURTHER ORDERED** that the petition for writ of habeas corpus (Dkt. No. 1) is **DISMISSED** in its entirety.


Dated: <u>November 1, 2012</u>                    <u>/s/ Robert Holmes Bell</u>
                                      ROBERT HOLMES BELL
                                      UNITED STATES DISTRICT JUDGE

6